STEPHEN G. LOVEJOY *versus* AUGUSTA MUTUAL FIRE INS. CO.

Where one, in his application to a Mutual Insurance Company, requested insurance for a certain sum on his store, and a further sum on his stock of goods therein, and a policy was made accordingly, and one note was given for the premium on both sums, it was *held* that the contract of insurance was entire; and, if the representation of the insured, that he was the owner of the building, was false, the policy will be *wholly* void.

ASSUMPSIT upon a policy of insurance of the defendants. Plea, general issue, and brief statement that plaintiff voluntarily and willfully burned the property insured.

At the trial, GOODENOW, J., presiding, the plaintiff offered the policy of insurance declared upon, the Act incorporating the company, and the by-laws, forming a portion of it. *Also,* offered notices of loss. *Also,* proof of the amount of goods burnt. The destruction of the store by fire was admitted. The deposition of Thomas A. White was introduced.

*In defence,* it was contended that the goods were fraudulently taken from the store and secreted, by the plaintiff, on the night of the fire.

The defendants read the application of the plaintiff for insurance, and the premium note given by plaintiff. They also proved that, at the time the application was made, the store and the lot of land upon which it stood were the property of Olive Emery of Massachusetts, who, on the 30th of July, 1853, conveyed the same to said Thomas A. White, who continued the owner thereof to the time the store was burnt.

" The defendants were then about to offer evidence to the jury of the willful burning of the store and the secreting of the goods by the plaintiff, when the Judge intimated that the misrepresentation, by plaintiff, as to the ownership of the store, would render the policy void, and he should so instruct the jury." Whereupon, by consent, the case was withdrawn from the jury, to be submitted to the full Court on report. If, in the opinion of the Court, upon so much of the evidence as is legally admissible, the action is maintainable, it is to stand for trial; otherwise, judgment to be for defendants.

*Hillard,* for plaintiff.

*D. D. Stewart,* for defendants.

The opinion of the Court was drawn up by·

HATHAWAY, J. — Assumpsit on a policy of insurance, by which the defendant company insured the plaintiff two hundred and fifty dollars, on a store, and five hundred dollars on a stock of goods in the same store, as his property, against loss by fire, on his application of the same date with the policy. The store was destroyed by fire, Dec. 5, 1854.

The charter of the defendant company, their by-laws and the plaintiff's application, are parts of the policy.

In his application the plaintiff represented himself to be the owner of the store and goods. He requested insurance on *his* store and goods. He stated that the store was occupied by the owner, and that there was no incumbrance on it, and added, " I have given the above description knowing that any misrepresentation or suppression of material facts, will destroy my claim upon the company for indemnity."

By article 10 of the by-laws, " in cases where no permanent lien can be created on merchandize, or other personal property, the directors shall require a surety on the deposit note." No surety was given on the plaintiff's deposit note, and none seems to have been required.

The case finds " that, at the time when the application was made, the store in question and the lot of land on which the same was situate, were the property of Olive Emery, and that, July 30, 1853, she conveyed the same to Thomas A. White, who remained the owner of the same up to the time the store was burned.

The contract of insurance was entire, and the representations made by the plaintiff, in his application for insurance, of his ownership of the store, being of a material fact, and being false, the policy was, therefore, void; (*Fiersmuth* v. *Agawam Mut. Fire Ins. Co.,* 10 Cush. 587; 11 Cush. 280; 6 Cush.

340; *Battles* v. *York Co. Mut. Fire Ins. Co.*, 41 Maine, 208,) and this action cannot be maintained.

As agreed by the parties, there must be

*Judgment for the defendants.*

TENNEY, C. J., RICE, APPLETON, MAY, and DAVIS, J. J., concurred.