THE HOWARD FIRE AND MARINE INSURANCE COMPANY, OF PHILADELPHIA, Plaintiff in Error, *v.* SAMUEL H. CORNICK *et al.*, Defendants in Error.

ERROR TO COOK.

Representations to an insurance company, so far as they relate to the property insured, must be true, otherwise the policy is void; but a false representation of something outside, and independent of the property insured, which has not in any degree contributed to the loss, will not have that effect.

The warranty of the owner of the property as to the truth of his representations, will not be extended beyond what it was evidently intended by the parties to embrace.

Where instructions have been given, which, though erroneous, could not have misled the jury, to the injury of the plaintiff in error, this court will not, on that account, disturb the judgment of the court below.

In an action against an insurance company, the company should show that they had the right to replace the property, if they desire to avail themselves of that defense. The averment that the money has not been paid, nor any part thereof, though not sufficient on demurrer, is aided after verdict.

SUIT brought by defendants in error against plaintiffs in error. Declaration in covenant, upon a policy of insurance, alleges that policy was issued on the 6th of September, 1857, upon goods in stores Nos. 131 and 133 South Water Street, in Chicago.

Defendants pleaded *non est factum*, and several special pleas, alleging that the purpose for which the building in which the goods insured were kept was used, was not correctly and truly represented and warranted in the said policy and application and survey, and that the same was used for other and different purposes than those for which it was represented and warranted to be used, in the application and survey which formed a part of the policy.

Also, that at the time of the issuing of the policy, the plaintiffs, by their application and survey, which forms part of the policy, represented and warranted that there was but one tenant in the said building; whereas, there was in fact about twenty tenants occupying the building.

These facts were set up in the special pleas in various ways.

General replication. Special replication was put in and stricken out, with leave to give the facts set up in them in evidence.

Cause was tried in April term of the Cook Circuit Court, 1859, MANIERRE, Judge, presiding, and verdict for plaintiffs rendered by the jury, for $5,400, and plaintiffs remitted $600 of the damages. On the trial of the cause, the plaintiffs offered in evidence the policy of insurance and conditions and application.

The seal to the policy was an impression upon paper at the left hand corner of the policy, without wax or any other adhesive substance, and without any scroll or other seal except the impression upon paper.

To the introduction and reading of said policy in evidence, the counsel for defendants objected, upon the ground, that the policy was not sealed, and the action being covenant it was inadmissible under the pleadings; which objection was overruled by the judge, who then and there decided that an action of covenant could be maintained upon such an instrument; to which decision and opinion the defendants, by their attorney, then and there excepted.

The plaintiffs next gave in evidence proof of loss, etc., and rested their case.

The defendants then introduced as a witness, *H. H. Tappen*, who testified that he knew the premises described in the policy and occupied by plaintiffs. That witness occupied the second floor of the two buildings as a clothing store up to the time of the fire. The upper part was divided into sleeping rooms, and occupied by different persons; could not say how many of the rooms were occupied; there were several, but whether a dozen, he could not say; those occupied were furnished with beds; some of them were occupied up to the time of the fire. On his cross-examination, he testified, that he did not know of more than one tenant, or lessee of Dunham, the landlord and lessor of the premises. Witness occupied as sub-tenant of plaintiffs.

The defendants further proved by *John Summerfield*, that he knew the premises; occupied one of the rooms for six or eight weeks prior to and up to the time of the fire; thinks all the upper rooms were occupied up to number ten.

The defendants next read in evidence the deposition of *Francis C. Cross*, one of the plaintiffs, by which it appears that a large number of tenants occupied the upper rooms up to the time of the fire.

The defendants then rested their case.

The policy of insurance read in evidence, contains the following, among other clauses: " By this policy, the Howard Fire and Marine Insurance Company of Philadelphia, in consideration of $62.50, etc., do insure Cornick, Cross & Co. against loss or damage by fire, to the amount of five thousand dollars, on the following property, as described in application No. 14, which is hereby declared to be a part of this policy, and a warranty on the part of the assured."

Also the following: " The loss or damage to be estimated and to be paid within sixty days after notice, proof and adjustment thereof, in conformity to the conditions annexed to this policy,

unless the said insurance company shall, within thirty days after the proof of such loss or damage, give directions for rebuilding or repairing, or, if merchandise or personal property, restoring the same as before the fire."

Also the following clause: "And the assured hereby covenants and engages that the representation given in the application for this insurance, is a warranty on the part of the insured, and contains a just, full and true exposition of all the facts and circumstances in regard to the condition, situation and value of the property insured, etc., and if any fact or circumstance shall not be fairly represented, etc., then the policy to be void."

Also the following: "It is also declared, that this policy is made and accepted in reference to the written and printed application whereon it is issued, and also to the conditions hereto annexed, which are hereby made a part of this policy, and to be used and resorted to, in order to explain the rights and obligations of the parties hereto, in all cases not herein otherwise specially provided for; and it is also agreed and declared by the parties hereto, that no condition, stipulation, covenant or clause hereinbefore contained, shall be altered, amended or waived, or any clause added to these presents, except by writing indorsed hereon or annexed hereto, by the president or secretary, with their signatures affixed thereto."

The 10th condition annexed to the policy, contains the following clause: "And said company shall, in no case, be deemed to have waived a full, literal and strict compliance with, and performance of each and every of the terms, provisions, conditions and stipulations in this policy contained, and hereto annexed, to be performed and obtained by, and on the part of the insured, or any one claiming by, through or under him, to comply with, and observe and perform the same, shall have occurred. And if any agent of this company in the transaction of their business, shall assume to violate these conditions, such violation shall be construed to be the act of the insured, and shall render void the policy."

In the application were the following questions and answers:

| | |
|---|---|
| 7. For what purpose is the building used? | Wholesale and Retail Hardware. |
| How many tenants? | One. |

The plaintiffs then introduced as a witness, *William H. Bunker*, who testified, that he knew Mr. Ellsworth, the agent of the Howard Fire and Marine Insurance Company. That on the 27th or 28th of August, 1857, he called upon Ellsworth to get a policy of insurance upon the goods in the same buildings to Armstrong, Cornick & Co., the predecessors of the plaintiffs in this suit, and

obtained such policy ; that on the application for that policy, he told Ellsworth that Darling had a stove in the front room, on the fifth floor ; that there were other lodgers on the same floor who had a stove; that those two were all he could recall on that floor.    Ellsworth then asked, how many tenants there were in the building.    Witness told him he could not tell exactly, that he would describe the building, and give him the number of tenants ; that he commenced at. the bottom of the building, and told him the purposes the building was occupied for, and what the building contained, etc.

To all this testimony the defendants objected, and the objection was overruled, and the defendants excepted.

This witness never saw the policy or application in this suit, until after they were made out.

The plaintiffs also proved by *Wadsworth*, that the application in this case was in the handwriting of Ellsworth.    To this testimony the defendants objected, and the objection was overruled by this court.

On cross-examination of Bunker, he testified, that the conversation of the 27th or 28th of August, 1857, related to the application for a policy for Armstrong, Cornick & Co.    Of the application and insurance in this case, he had no personal knowledge.

The counsel of defendants then moved to strike out all the conversation testified to by the witness Bunker, in relation to the application for insurance by Armstrong, Cornick & Co., which motion the court overruled, and defendants excepted.

The judge gave the following instructions for the plaintiffs, to wit:

1st.    That if the jury shall believe, from the evidence, that at the time of the making of the application in this case, the plaintiff gave full and exact information to Ellsworth, the agent, as to the number of the tenants in the occupancy of the building in question, and the use thereof by each ; that with such information furnished, the agent himself filled up the application in question as the same now is, and induced, by mistake or otherwise, the plaintiffs to sign the application and survey ; then, though the jury should find, from the evidence, that the building was occupied by more tenants, and for other business than named in the application, the defendants are estopped from making such objection, to prevent fraud and injustice, and the plaintiffs will be entitled to recover.

2nd.    Parol evidence is admissible to show that all the facts are communicated to the agents of the company, at or before the time of the making of the application in question, and notice to the agent is notice to the defendants.

3rd. That if the jury believe, from the evidence, that at the time of making out the application in this case, the defendants' agent had a full knowledge of all the facts as to the number of occupants in the building, and the use made by each occupant of that part of the building occupied by each; that the agent, upon such information, filled up blanks, the application and survey are evidence, and produced the plaintiffs' signature, thereby representing that the same were mere forms, or otherwise; that the plaintiffs signed the same in good faith, believing that the facts were correctly stated therein, then the agent's omission to state the facts truly, will not avoid the policy, or conclude the plaintiffs from alleging the truth.

5th. The court is asked to instruct the jury, that by the terms of the insurance the money became due and payable within sixty days after proof of the loss is notified to the company, and the same will bear interest at the rate of six per cent. per annum from that time until this date.

To all which instructions the said defendants excepted.

The defendants, by their counsel, then and there prayed the said judge to give the following instructions to the jury, in the behalf of said defendants:

1st. If the jury believe, from the evidence, that the premises described in the policy sued upon, or any part thereof, were, at the time of the issuing of said policy, occupied by other tenants than said plaintiffs, then said policy is void, and the plaintiffs cannot recover in this action.

Which said instruction, so prayed, the said judge refused to give, and in lieu thereof, gave the following: " If the jury believe, from the evidence, that the premises described in the policy sued upon, or any part thereof, were, at the time of the issuing of said policy, occupied by other tenants than said plaintiffs, then said policy is void, and the plaintiffs cannot recover in this action, unless the proof establishes, to the satisfaction of the jury, a state of facts estopping the defendants from taking advantage of the condition in the policy."

2nd. If the jury believe, from the evidence, that a part of the premises described in said policy was occupied, at the time of issuing said policy, as a clothing store, then said policy is void, and the plaintiffs cannot recover in this action.

And the said judge refused the instruction as above prayed for, but gave the same, with the following amendment, to wit: " Unless the proof establishes, to the satisfaction of the jury, a state of facts estopping the defendants from taking advantage of the condition in the policy."

3rd. If the jury believe, from the evidence, that the upper rooms of the premises described in said policy were, at the

time of the issuing of said policy, rented to parties other than the said plaintiffs, for sleeping rooms or any other purpose, then said policy is void, and said plaintiffs cannot recover.

Which instruction, as above prayed for, the said judge refused to give, and in lieu thereof, gave the same with the following additions, alteration and qualification thereto attached, as follows: " Unless the proof establishes, to the satisfaction of the jury, a state of facts estopping the defendants from taking advantage of the condition in the policy."

To the refusal of the said judge to give said instructions as above prayed for, and also to the giving of the same with the alterations as above set forth, and to each of them, the defendants, by their counsel, excepted.

The fourth, fifth and sixth instructions, asked by defendants, present the same questions, and were similarly amended by the judge.

The defendants further prayed the said judge to instruct the jury as follows:

7th.    There being no evidence that the defendants did not restore the property alleged to be lost at the fire, according to the conditions of the policy in this case, the plaintiffs are not entitled to recover.

The said judge refused to give said instruction, and the said defendants then and there excepted.

The plaintiffs assign the following causes for error:

1.    The judge erred in overruling objection to the introduction of the policy of insurance in evidence.

2.    The judge erred in deciding that an action of covenant could be maintained on the policy in this case, the same not being under seal.

3.    The judge erred in admitting the testimony of William H. Bunker, and in allowing evidence to contradict the representations and warranty made by the assured in the policy, condition and application.

4.    The judge erred in overruling the motion to strike out the testimony of Bunker.

5.    The judge erred in allowing evidence to contradict the warranty in the policy, condition and application, or to show a waiver of any of them.

6.    The judge erred in refusing to give the following instructions of defendants, as proposed by defendants, to wit: Nos. 1, 2, 3, 4, 5 and 7.

8.    The judge erred in adding to and amending the following instructions of defendants, to wit: Nos. 1, 2, 3, 4 and 5, and in giving the same as amended.

9. The judge erred in refusing to grant a new trial on motion of defendants.

10. The judge erred in overruling the motion of defendants to arrest the judgment.

11. The judgment is against law, and also against the evidence.

E. A. AND J. VAN BUREN, for Plaintiffs in Error.

SCATES, MCALLISTER & JEWETT, and J. CLAPP, for Defendants in Error.

WALKER, J. It is urged that there was a breach of warranty by the assured, because a portion of the representations regarding the occupancy of the building which contained the goods, was untrue. By the policy, the application, the survey and conditions annexed, are made a part of the contract, and it is justly conceded, that in so far as they relate to the goods insured, they must be true, or the policy will be void. In this case, however, it is not claimed that any part of the description or representation of the goods covered by the policy, is untrue. The false representations relate alone to the building in which they were contained, and to its occupancy. The building was not insured by this policy, and the question is presented, whether a false representation of something outside, and independent of the property insured, can affect the validity of the contract, when the misrepresentation has not contributed in any degree to the loss. This depends upon the construction to be given to the conditions annexed to that instrument.

The first, second and third of these conditions, manifestly relate alone to the insurance of buildings. The fourth, with the exception of the last clause, relates to the insurance of goods, wares and merchandise, and only requires a description of the building which contains them, but contains no requirement as to its occupancy. It seems to us, that by no fair construction can it be held that this clause containing the conditions of the insurance of chattels, was designed to require anything more than a true description of the building in which the property insured is situated, with a description of the property covered by the policy; and we can perceive no reason for extending the terms of the warranty beyond what they were evidently designed by the parties to embrace. The body of the policy also declares the insurance to be "on the following property, as described in the application and survey number fourteen, which is hereby declared a part of this policy and a warranty on the part of the assured." What was a part of the policy and a warranty?

Why, the description of the property insured. The relative in that sentence obviously refers to the description of the property insured, and that description is warranted to be true, and it is not pretended that the description of that property is otherwise than strictly true. If this warranty, then, only engages for the truth of that description, it cannot be broken by a misdescription of something outside of the warranty. Under this warranty, the assured had only engaged for the truth of the description and representations of the property insured, and the warranty has been performed. We are fully sustained in these views by the following adjudged cases: *Sales* v. *North Western Ins. Co.*, 2 Curtis C. C. R. 610; *Kentucky and Louisville Ins. Co.* v. *Southerland*, 8 B. Mon. 634; *Farmers' Ins. Co.* v. *Snyder*, 16 Wend. 481; *Trench* v. *The Chenango Mut. Ins. Co.*, 7 Hill, 122; *Howard Fire Ins. Co.* v. *Bruner*, 23 Penn. (11 Harris) 50; *Roth* v. *The City Mut. Ins. Co.*, 6 McLean, 324; *Masters* v. *Madison County Ins. Co.*, 11 Barb. 624.

In the case of *Trench* v. *The Chenango Ins. Co.*, which was a policy on both the building and goods, and the representations of the building were proved to be untrue, the court, under similar conditions in the policy, held it to be void as to the building, but valid on the goods. The Pennsylvania case referred to, (*Howard Ins. Co.* v. *Bruner*,) holds, that when the survey is made by the agent of the company, and a mistake occurs in the application, the insured is not ·bound by it, but may show by parol the knowledge of the fact by the agent. And in the case of *Masters* v. *The Madison County Ins. Co.*, it was held that a verbal notice of a mortgage against the property, given to the agent, was sufficient, notwithstanding the policy required it to be in writing.

If the loss had been occasioned by the thing falsely, although unnecessarily, represented, or from its concealment when interrogated as to its existence, then that fact might be shown, for the purpose of establishing a fraud on the company, and would be a matter proper for the consideration of a jury, but no such question is presented by this record. On the contrary, it appears, from the evidence, that the agent who made this survey, had made a survey of this building a few days previously, and was then fully informed of its situation and occupancy. And the evidence fails to show that any change had taken place subsequent to that time. This seems to rebut all evidence of concealment, but even if there had been, there is no pretense that it contributed in the slightest degree to the loss, or was in any way material. Good faith is essential in the contract of assurance, and we see nothing to induce us to believe it has not been observed in this case. There was no evidence showing that

the misrepresentations misled the company in taking the risk, or that they were induced to accept it at a lower premium, and as their agent knew all the facts, it could not have misled them in granting the policy. The evidence of Bunker, while it may not have been material to the issue, tended to show good faith on the part of the assured, and was not calculated in any manner to prejudice the appellants in their rights, and its admission was not such an error as should reverse the judgment.

It is likewise objected that the court erred in modifying the instructions asked by, and given for the appellants. The modification complained of, authorized the jury to determine whether the company had done any act which estopped them from insisting upon the false representations, contained in the application, without having, by any of the instructions, informed them what acts would have that effect. We have no hesitation in saying, that had the instructions asked been proper, then the qualifications would have been erroneous, unless they had' also announced what would create an estoppel. But all the instructions, basing the defense upon the want of accuracy in the description of the manner in which the house was occupied, were unwarranted by the evidence, and should have been refused, as we have seen the truth of these representations were not in issue. The modifications could not have misled the jury, to the injury of plaintiffs in error. They operated in their favor, as the jury was informed that these false representations constituted a defense, unless the company had done some act which estopped them from its assertion. There was no error in giving these instructions as modified, of which the plaintiffs in error have any right to complain.

It is likewise urged, that the judgment should have been arrested, for the want of an averment in the declaration, that the company had failed to replace the property destroyed. They had reserved the right to pay or discharge their liability in this mode, or by paying the money in case of loss. If this right related to the loss of chattels, they should have shown it by way of defense, but no such effort was made. The averment that the money had not been paid, or any part of it, though not formal, and though not sufficient on demurrer, is, we think, aided after verdict, as the plaintiffs could not recover until they showed the loss of the property, and a breach of the covenants by the defendants.

Upon the whole of this record we perceive no error requiring a reversal of the judgment of the court below, and it appears to us that substantial justice has been done, and that the judgment must be affirmed.

*Judgment affirmed.*