JOHN McGOWAN *v.* PEOPLE'S MUTUAL FIRE INS. CO.

[IN CHANCERY.]

*Insurance.   Mortgage.   Notice.   Delay.*

1. Under a policy of insurance requiring notice to be given to the company of a mortgaging of the property, &c., a delay in giving such notice for fifty days is unreasonable ; and voids the policy.
2. In such a case, if the mortgage covers only realty, but the policy, both real and personal property, it is wholly void, unless the contract is divisible ; the different properties, insured for separate sums ; and the risk upon the property, which is claimed to be valid, unaffected by the cause that renders the policy void in part.
3. Stated, when the rule, " void in part void *in toto*," applies to insurance contracts.

HEARD at the September Term, 1880, Rutland County, VEAZEY, Chancellor, on bill, answer and the report of a special master. The chancellor, *pro forma*, ordered and decreed that the orator was entitled to recover the sum of $752.25, interest and costs ; and that a decree be entered according to the prayer of the bill, which was, in part, that the said " insurance company may be compelled to accept and approve of said mortgage upon said premises." The facts are sufficiently stated in the opinion of the court.

*Roberts & Roberts*, for the defendant.
Here the by-law sets no time within which a representation of the alienation by mortgage shall be made to the secretary. A convenient and reasonable time only could be claimed. Due diligence is required. From analogous provisions thirty days would seem to be the extreme limit. It should certainly be within less than fifty days, and reasonably, in case of a sweeping mortgage of this character, before a loss occurs. When a policy requires notice forthwith, only due diligence is required. *Peoria Ins. Co.* v. *Lewis*, 18 Ill. 553. In such case a delay of 11 days was held too late. *Trask* v. *Ins. Co.*, 29 Penn. St. 198.   4 Waite's Ac-

tions, 78.   So nineteen days' delay, unexplained, in giving notice of a subsequent incumbrance was held to avoid the policy.   *Mellen* v. *Hamilton, Ins. Co.*, 17 N. Y. 609.   Waite's Actions, 59–60.   The notice of Sept. 12, 1878, if seasonable, was defective in omitting to state one material provision of the mortgage, viz. : the provision for keeping the premises insured and paying the insurance money, in case of loss to the mortgagee.   It also contained no request from mortgagor or mortgagee for an approval or confirmation.   *Again,* if a representation perfect in form and substance had been seasonably made, the court cannot say that a refusal to approve would have been arbitrary and without good cause.   In this company the directors stood as the agreed arbitrators between all the members of the company, and any one of them.   It would be as well a violation of the contract as an unwarranted usurpation for the chancellor to substitute his own judgment for that of the directors upon the question of the materiality of the representation.   This court cannot say that the directors would have approved of the mortgage and confirmed the policy, if it had been duly represented, nor that they ought to have done so.   In the case *Boynton* v. *Ins. Co.*, 43 Vt., it was admitted " that there was no cause for a refusal to ratify the assignment." p. 264.   The character of the mortgage was such as to excite inquiry and suspicion, and caution as to confirming the policy.   It was a sweeping mortgage, unlimited as to amount, with the insurance money payable to the mortgagee.   The property was insured as " free from all incumbrance."   This court cannot say that knowledge of such an incumbrance was not material to the question of confirmation.   *Penn. Ins. Co.* v. *Gottsman,* 48 Penn. St. 151.

*Redington & Butler* and *J. B. Phelps*, for the orator.

It is well settled law, that a mortgage is not such an alienation as would affect the policy or come within the meaning of section 6th of the act of incorporation, or the paragraph beginning with " whenever any grantee," &c.   *Titmore* v. *Vt. Mu. Ins. Co.*, 20 Vt. 546 ; *Boutelle* v. *Westchester Ins. Co.*, 51 Vt. 4.   The right of the orator then hinges upon the construction and effect of the

by-law in the policy which provides that " whenever any one here-after insured shall alienate conditionally by mortgage," &c. The contract is to be construed most favorably to the insured and its language taken most strongly against the insurer. *Ins. Co. v. Wright*, 1 Wall. 456. It does not say it shall be void *until* he gives notice, or *when* he shall give notice, or what the *effect* will be in case of delay. He may, therefore, give notice within a rea-sonable time, 2 Par. on Con. 538, 660, and the orator insists that if he gives such notice as is required by said clause, he has a right to have his contract continued, unless the company have " good cause " for cancelling, and they are in equity bound to " approve the policy and so certify to the insured." *Boynton v. Farmers' Ins. Co.*, 43 Vt. 256. Notice in a reasonable time was given according to the contract, and the policy by a fair construc-tion continues in force for a reasonable time. In ascertaining what is a reasonable time, we must consider the circumstances in each case : that the mortgage was still *small ;* the insured was an ignorant, illiterate man, could not read or write, and this was known to defendant ; the value of the property, and the security defendant had on the property and the rights of the parties should be determined as if no loss had occurred. They had no good cause to revoke the policy, and they have not done it. It is but a fair construction of the contract to hold, that said clause in said policy was intended by the parties to refer only to the property alienated, and in no way to affect the personal property not alien-ated, and if the policy is void as to the real estate, it is not as to the personal property. Suppose the policy covered several build-ings and one should be alienated so as to avoid the policy, it surely would not affect the policy as to the other. San. Dig. p. 1483 ¶ 1, 2, 3, 4, 5, 6, 7, 8, 9, 10 ; *Date v. Gore D. Ins. Co.*, 1, U. C. C. P. 502–549 ; *Koontz v. Hannibal S. & Ins Co.*, 42 Mo. 126.

The opinion of the court was delivered by

TAFT, J. The policy in question contained the following provision :

" Whenever any one hereafter insured shall alienate condition-ally, by mortgage, his policy shall be void, unless he shall make

a representation thereof in writing to the secretary, stating the amount, and to whom mortgaged, and the cash value of lands and buildings separately, and when approved by a director, the secretary shall enter a minute thereof on the record of said policy and forward to the insured a certificate thereof."

The assured mortgaged the real estate covered by the policy on the 24th day of July, 1878 ; the property was destroyed by fire on the 18th day of the following month ; notice of the mortgage was given to the secretary on the 12th day of September afterwards, —fifty days after its execution, and twenty-five days after the fire. The orator contends that he was entitled to a reasonable time to represent the mortgage to the company. He delayed for twenty-five days and until the destruction of the property. He could have communicated with the secretary daily. There is much good sense in saying that upon the execution of the mortgage the policy was void, as though the contract had read "*until* he shall make a representation," &c., instead of "*unless* he shall make," &c. But construing the clause most favorably to the assured, and giving it the construction contended for, we think the delay of twenty-five days, when he could have communicated with the company daily, an unreasonable one. This disposes of this branch of the case, and renders it unnecessary to determine what the rights of the assured, to have had the contract continued, would have been in case he had applied for that purpose within a reasonable time. The case of *Boynton* v. *Farmers' Ins. Co.*, 43 Vt. 256, does not aid the orator. In that case, upon the alienation of the property, the policy was actually assigned, and by its terms the assignee had thirty days to apply to the company for a ratification of the assignment ; only eight which had elapsed ; and the company by its demurrer, admitted that it had no cause for the refusal to ratify the assignment. That case might be invoked as an authority in this case, provided notice of the mortgage executed by the orator, had been given by him within a reasonable time, and the defendant had without cause refused to approve it. The policy therefore, by reason of the execution of the mortgage by the orator, became void ; but the orator claims that it was valid as to the personal property, situated in the dwelling-house, which was the first item insured by the policy.

This is a question of great practical importance, as a large proportion of insurance contracts embrace more than one item of property insured. The decisions are apparently conflicting; but we think are easily reconciled by referring to the plain principles which should govern them. The general rule, " void in part void *in toto*," should apply to all cases where the contract is affected by some all-pervading vice, such as fraud, or some unlawful act, condemned by public policy or the common law; cases where the contract is entire and not divisible; and all those cases where the matter that renders the policy void in part, and the result of its being so rendered void, affects the risk of the insurer upon the other items in the contract. Keeping these rules in mind, the leading cases upon this subject can all be reconciled. A recovery should be had in all those cases where the contract is divisible; the different properties insured for separate sums; and the risk upon the property, which is claimed to be valid, unaffected by the cause that renders the policy void in part. Such are the cases of *Howard* v. *Cornick et al.*, 24 Ill. 455; *Hartford Fire Ins. Co.* v. *Walsh*, 54 Ill. 164; *Clark* v. *New Eng. M. F. Ins. Co.*, 6 Cush. 342; *Date* v. *Gore District M. F. Ins. Co.*, 14 Up. Can. C. P. 548; *Phœnix Ins. Co.* v. *Lawrence et. al.*, 4 Met. (Ky.) 9; *Lochner* v. *Howe M. Ins. Co.*, 17 Mo. 247; *Koontz* v. *Hannibal S. & I. Co.*, 42 Mo. 126; *Cucullu* v. *Orleans Ins. Co.*, 18 Mar. (La.) 11.

In *French* v. *Chenango M. Fire Ins. Co.*, 7 Hill, 122, the policy covered a building and its contents, and was held void as to the former by omitting to state the existence of a plough shop within ten rods of the property insured; but valid as to the contents. Upon what principle a policy could be held void in part and valid in part, for a misdescription of adjacent buildings, affecting the various items of the risk in equal degree, we are unable to determine. The case was substantially overruled by *Wilson* v. *Herkimer Co. M. Ins. Co.*, 6 N. Y. 53.

The cases following have held the contracts entire, indivisible, and no recovery could be had upon them. *Hinman* v. *Hartford Fire Ins. Co.*, 36 Wis. 159; *Associated F. Ins Co.* v. *Assum*, 5 Md. 165; *Bowman* v. *Franklin Ins. Co.*, 40 Md. 620; *Fire Association* v. *Williamson*, 26 Penn. St. 196; *Gottsman* v. *The Penn.*

*Ins. Co.*, 56 Penn. St. 210 ; *Bleakley* v. *Niagara D. M. Ins. Co.*, 16 Grant's 'Ch. Rep. U. C. 198.

In the case at bar the whole property was insured for eight hundred and seventy-two dollars, divided into specific items, but one premium was paid, and one premium note given. We think the authorities justify us in holding that the contract was an entire one ; separate and distinct only so far as to limit the extent of the risk assumed by the company on each kind of property. The cost of the insurance was to be assessed upon the premium note, and the company had a lien upon the buildings insured, as security for the payment of any assessment which might be made upon the note. The encumbrance upon the buildings affected the security the company held for the payment of assessments which might be laid upon the note ; thus the risk upon the personal property was affected by the cause which rendered the policy void as to the real estate. We think for these two reasons that the whole policy was void. *Friesmuth* v. *Agawam M. F. Ins. Co.*, 10 Cush. 587 ; *Brown* v. *People's M. Ins. Co.*, 11 Ib. 280 ; *Lovejoy* v. *Augusta M. F. Ins. Co.*, 45 Me. 472 ; *Gould* v. *York Co. M. F. Ins. Co.*, 47 Me. 403 ; *Day* v. *Charter Oak F. & M. Ins. Co.*, 51 Me. 91 ; *Barnes* v. *Union M. F. Ins. Co.*, Ib. 110.

The views expressed render it unnecessary to pass upon the questions in the case as to proofs of loss, fraud, and false swearing. The *pro forma* decree of the Court of Chancery is reversed, and cause remanded with a mandate that the bill be dismissed.

VEAZEY, J., did not sit, having heard the case on demurrer.