THE CHICAGO, MILWAUKEE & SAINT PAUL RAILWAY
COMPANY AND THE CHICAGO & NORTH-
WESTERN RAILWAY COMPANY

v.

MARY A. SNYDER, ADMINISTRATRIX.

*Personal Injuries—Railroads—Death of Conductor—Action for Damages—Second Appeal—Res Adjudicata — Instructions — Error without Prejudice.*

1. Upon a second appeal, the decision of the Supreme Court, on appeal from the former decision of this court, is conclusive of the questions then involved.

2. This court will not reverse a judgment because of improper modifications of an instruction, which could not have misled the jury to the injury of the appellant.

3. This court affirms a judgment against two railroad companies for damages for causing the death of a conductor who was in the employ of one of the defendants, two juries having found the same verdict and there being no substantial error in the record.

[Opinion filed December 7, 1888.]

APPEAL from the Superior Court of Cook County; the Hon. JOHN P. ALTGELD, Judge, presiding.

Mr. E. WALKER, for the Chicago, Milwaukee & St. Paul Railway Company, appellant.

Mr. W. B. KEEP, for the Chicago & North-Western Railway Company, appellant.

Mr. MASON B. LOOMIS, for appellee.

GARY, J.    This case is in this court for the second time. A judgment of the Superior Court for the appellee, for the same sum as now, upon substantially the same evidence, was here affirmed, upon a former appeal, but no opinion was

then filed, the law requiring opinions by the Appellate Courts in cases affirmed having been passed subsequently. That judgment was reversed in the Supreme Court for error in giving one, and refusing another instruction. 117 Ill. 376.

The objection then sustained to the then third, now second, instruction for appellee, has been removed by a clause leaving to the jury the question whether not only the deceased, but those engaged with him in the management and operation of the car and engine, were exercising due care, etc. And the same instruction first given then, is now repeated. There is no occasion now, for this court to consider the objections that appellants make to that second instruction, as the opinion of the Supreme Court, on the first appeal, is the law of the case on all subsequent ones, to the same, and much more to this subordinate court. Newberry v. Blatchford, 106 Ill. 584.

The St. Paul Company asked the court to give to the jury this instruction:

" 5. If the jury believe from the evidence that the witness Torrence had charge of the semaphore, and that he was employed and discharged by the defendant, the Chicago and North-Western Railway Company, and if you further believe from the evidence that the injury complained of resulted from the negligence of said Torrence in giving his signal to the train of the North-Western Company, of which the deceased, Snyder, was the conductor, then the court charges you that Torrence in giving such signal was the agent of the defendant, the Chicago and North-Western Railway Company, and that the Chicago, Milwaukee and St. Paul Railway Company is not liable for any damages resulting from any negligence of Torrence in giving signals to trains of the Chicago and North-Western Railway Company."

Which was modified by the court by inserting "paid" after "employed" and "alone and was under its sole control" after "company," where that word first occurs in the instruction This modification was excepted to and is assigned as error.

This instruction might well have been refused, for the only evidence as to the relations of Torrence with the defendants

is his own testimony that he was a North-Western man when he went there and was sent there by that company, but drew his pay from the pay car of both companies, and that of the other employes engaged with him, two were North-Western men and one a St. Paul man, and they all drew their pay from both companies. The fact that he had been a North-Western man and was sent there by that company, did not authorize the court to tell the jury that he was the agent only of that company when he was paid by both, and when the same act which opened the track of either company shut the other. There is no evidence that he was discharged. If he was employed by both, he was by each, and in giving a signal to the train of one company, he also gave it, if a train of the other company was there, to that also, and so the effect of this instruction as asked was, that though he was the servant of both and actually at the moment doing the work for both, yet neither was liable, because he was employed by, and at work for the other. The modification would have been proper if there had been any evidence upon which to base it, but the lack of such evidence cannot be complained of, as there is no escape from the conclusion that he was the agent of, and acting for both appellants at the time of the accident. The modifications could not have misled the jury to the injury of the appellants. Howard F. & M. Ins. Co. v. Cornick, 24 Ill. 455.

The accident occurred before daylight on a foggy morning in October, 1882. At the place of the accident the tracks of the North-Western run east and west, and those of the Saint Paul cross them from the southeast to the northwest at a very acute angle. There was a west bound train of each company waiting to make the crossing, as well as the east bound car and engine of which the deceased was conductor. The movements of all should have been governed by lights shown at the semaphore, about ninety feet west of the most western point at which the tracks of the two companies touched each other. Somebody blundered; it might have been the engineer working with deceased, in which case there could be no recovery. It might have been the servants of the Saint Paul operating their west bound train, and then that company only

would be liable.  It might have been, and, upon a great mass of testimony much of which is confused and conflicting, the jury have found that it was, the servant of both companies, operating the semaphore.  It would serve no good purpose now to recite that testimony.

Two juries have found the same verdict upon it, one of which verdicts has heretofore been sustained here.

I wish to add on my own account, that this case was considered and determined, without dissent, in a conference of the judges of this court while Judge McAllister was living and present.  It had not, before I came here, been assigned to any judge to prepare the opinion of the court in it.  In the distribution in rotation this case fell to my lot.  The other judges did not, nor do I, deem it improper for me to write that opinion, although the first trial of the case was before me in the Superior Court.

There is no error against appellants, and the judgment is affirmed.

*Judgment affirmed.*