[Western Assurance Co. v. Stoddard.]

# Western Assurance Co. *v.* Stoddard.

*Action on Policy of Insurance against Fire.*

1. *Breach of warranty, or false representation by assured, avoiding policy; notice to agent, as notice to principal.*—A false representation as to a material fact by the insured, in his application, constituting a breach of warranty, avoids the policy; yet, if the insurance was effected through an agent, who received the premium and issued the policy with notice of the real facts, the insurance company can not be heard to complain of such false representation, or breach of warranty.

2. *Termination or reduction of insurance, at option of insurer.*—A provision in a policy, "that this insurance may be terminated at any time at the option of the company, on giving notice to that effect, and refunding a ratable proportion of the premium," does not authorize a reduction in the amount of the insurance; and such reduction being indorsed on the policy in the hands of a holder as collateral security, without notice to the assured, it is not binding on him, unless subsequently ratified.

3. *Insurance on partial interest in property; measure of recovery.*—As a general rule, the owner of a qualified or partial interest in property can only insure to the extent of that interest, and, in the event of a loss, his recovery is limited to the value of his interest; but, if the insurer has knowledge of such partial interest, or is chargeable with notice of it, and yet insures as on an absolute title, demanding and receiving the full premium for the entire value of the property, he can not reduce the recovery in case of a loss, on account of the partial interest owned by the insured.

4. *Relevancy of former policy as evidence.*—A former policy on the same property, effected by the plaintiff with another insurance company, through the same person as agent who afterwards negotiated the policy sued on as agent for the defendant company, is not relevant or admissible evidence for the plaintiff, as tending to show the agent's knowledge of the ownership of the property.

5. *Partial breach of warranty, avoiding entire policy.*—When a policy of insurance covers a building and personal property included in it, or so attached that its loss would be the natural consequence of the destruction of the building—as, a dwelling-house and furniture, or a gin-house and fixtures—a false warranty as to the building avoids the whole policy.

APPEAL from the City Court of Selma.

Tried before the Hon. JONA. HARALSON.

This action was brought by William J. Stoddard and his wife, Mrs. E. R. Stoddard, against the Western Assurance Company, a foreign corporation doing business in this State; and was founded on a policy of insurance against fire, effected by plaintiffs with defendant, on a gin-house and fixtures. The policy was dated August 12th, 1885, and expired on the 12th February, 1886. The property insured, with amount

of insurance, was thus stated in the policy: "Two story gin-house, built of wood, and covered with shingles, $800; one gin-stand of 45 saws, $74; cotton-press, $50; belting, $6; running gear and appurtenances, $20: total, $950." The property was totally destroyed by fire, except the cotton-press, on the 13th December, 1885. The defense was a breach of warranty on the part of the plaintiffs, consisting in false representations by them, in their application and answers to questions, as to the nature and quality of their estate or interest in the property. This application, the policy declared, "is hereby made a warranty;" and it was further declared, "this policy shall become void," on account of "any false representation by the assured, of the condition, situation, or occupancy of the property, or any omission to make known every fact material to the risk, or any misrepresentation whatever, or if the interest of the assured in the property, whether as owner, trustee, . . or otherwise, be not truly stated." The material facts developed on the trial, bearing on this defense, are stated in the opinion of this court.

The policy was negotiated by W. J. Stoddard, in the names of himself and wife jointly, with Jas. H. Franklin, as agent of the defendant corporation. On August 21st, 1885, it was assigned by plaintiffs, with the consent of the company, evidenced by the indorsement of Franklin, to Keeble & Co., who were commission-merchants in Selma. The assignment purported to be absolute, "for value received," but was really as collateral security for advances made by Keeble & Co. to Stoddard and wife; and on the 7th May, 1886, the debt having been paid, the policy was re-transferred by Keeble & Co. to them. On the 7th September, 1885, while the policy was in the hands of Keeble & Co., Franklin made an indorsement on it, in these words: "The amount of $800, covering gin-house, is from this date reduced to $400, and $18.50 returned assured, receipt of which is acknowledged;" and he paid the $18.50 to Keeble & Co., who entered it to the credit of Stoddard and wife on their account. Stoddard testified on the trial, that he had no notice or knowledge of this reduction until some time after the loss, when he went to the office of Keeble & Co., in company with the defendant's adjuster, to inspect the policy, and then saw the indorsement for the first time; and that he then declared his ignorance, and expressed his surprise. Several persons who were present in the office on that occasion, being introduced as witnesses by the plaintiffs, each

testified to Stoddard's declarations and expressions of ignorance and surprise, substantially as he had done; and the court admitted the evidence as to these declarations, against the objections and exceptions of the defendant.

The gin-house and fixtures had been insured, from September, 1884, to March, 1885, in the Crescent Insurance Company of New Orleans, the policy having been negotiated by Stoddard with said Jas. H. Franklin, who was then the agent of that company. The plaintiffs offered this policy in evidence, "for the purpose as tending to show that said Franklin knew that the said property insured was not the property of Keeble & Co.;" and the court admitted it for that purpose, against the objection and exception of the defendant.

The gin-house was situated on land which belonged to a plantation called the "Durand Bend place," of which O. D. Steele was seized and possessed at the time of his death, and which was allotted to his widow, now Mrs. Stoddard, as her dower. There was some verbal evidence by witnesses that the plantation was claimed by one S. McCall, and that he had rented out some of the land to tenants for the year 1885; but the nature or character of his claim was not stated, nor was it shown that any suit was pending about it, except an action for unlawful detainer, instituted by him against Mrs. Stoddard, to recover possession of the dwelling-house. A transcript of the record of this suit was offered in evidence by the plaintiffs, showing that the premises sued for were described as "the dwelling-house, or family residence, located on the Durand Bend plantation;" and W. R. Nelson, to whom, as his attorney, Stoddard referred Franklin for information about the insured property, testified that he told Franklin of this suit, but did not remember that he said anything about the title.

The defendant requested the following charges in writing, and duly excepted to their refusal: (1.) "If the jury believe the evidence, they ought to find a verdict for the defendant." (2.) "If the jury find from the evidence that the only interest plaintiffs had in the gin-house, or the land on which it stood, was a life-estate for the life of Mrs. Stoddard; then their loss on account of the burning of said gin-house was less than the actual cash value of the gin-house at the time it was burned." (3.) "That a life-estate in said gin-house is, as matter of law, of less value than a fee-simple title in the same; and the burden is on the plaintiffs, so far as the

gin-house is concerned, to show, unless it is otherwise proved, what was the value of her estate in said gin-house."

The errors assigned, twenty-one in all, embrace all the rulings on the pleadings and evidence adverse to the defendant, several charges given, and the refusal of the charges asked.

PETTUS & PETTUS, for appellant.—(1.) A policy of insurance is essentially a contract of indemnity, the interest which the insured has in the property being his insurable interest, and the measure of his recovery.—Flanders on Fire Insurance, 65, notes; *Flanagan v. Insurance Co.*, 1 Dutch. 521; 1 Arnould on Insurance, 1331, § 471; Parsons on Contracts, 453, § v, 5th Ed. In this case, by the words of the policy, the recovery is limited to two-thirds of the interest of the insured in the property. (2.) A misrepresentation, when material, avoids a policy; and all warranties are material, a breach of them avoiding the policy.—*Insurance Co. v. Lawrence*, 2 Peters, 49, and 10 Peters 507; *Insurance Co. v. Cothal*, 7 Wend. 72; *Jennings v. Insurance Co.*, 2 Denio, 75; May on Insurance, § 181, 184–5; Flanders on Insurance, 205, 255, 278–9. Here, by the express words of the policy, the application for the policy, and the answers to questions, are made part and parcel of the policy, and are declared to be warranties; and the proof shows that they were false, both as to the interest of the insured in the property, and the litigation about it; since Mrs. Stoddard had only a life-estate as dowress, and that was disputed by S. McCall, in the names of himself and his brother, who had taken possession of the entire plantation, and afterwards recovered the dwelling-house in an action for forcible entry on his possession. (3.) It can not be claimed that these facts were known to the insurance company, on the ground that Franklin had knowledge of them when he made the contract. Nelson swears that he did not tell Franklin anything about the title, and whatever information he had about Mrs. Stoddard's partial interest in the property was acquired before his agency for the defendant began.—*Reid v. Bank of Mobile*, 70 Ala. 211, and authorities there cited. (4.) A policy of insurance is an entire contract, when a gross premium is paid, though it be on different pieces of property, and for a stated amount on each piece; and a breach of warranty as to a part of the property avoids the entire policy.—2 Parsons on Contracts, 518–19; May on Insurance, 81, § 74; *Gordon*

39

[Western Assurance Co. v. Stoddard.]

*v. Tweedy*, 74 Ala. 232. (5.) The appellant relies on each of the rulings assigned as error.

WHITE & MALLORY, *contra.*—(1.) If the defendant had notice of Mrs. Stoddard's life-estate in the property, and of the fact that there was litigation and dispute about it, neither of these defenses can be set up against the plaintiffs' right of recovery.—*Insurance Co. v. Chipp*, 93 Ill. 96; *Insurance Co. v. Jones*, 62 Ill. 458; 2 Wood on Insurance, 896, and cases cited in note 1 to § 425. (2.) Franklin had knowledge of these facts, and his knowledge is constructive notice to his principal.—*Insurance Co. v. Young*, 58 Ala. 477; May on Insurance, § 143; 2 Wood on Insurance, 894-900, and cases cited in notes. (3.) As to this defense, the existence of a warranty makes no difference; it would be a fraud to allow the insurance company, having accepted the premium with knowledge of the facts, to avoid the policy on account of them.—2 Wood on Insurance, 901, note on 904; *Plummer v. Insurance Co.*, 18 N. Y. 392; *Ames v. Insurance Co.*, 14 N. Y. 253; 28 Gratt. 394; 43 Mo. 148; 38 Wisc. 665. (4.) There is no provision of the policy which authorized a reduction of the risk, and the insured is not bound by the attempted reduction, since it was made without his knowledge or consent. Franklin knew that Keeble & Co. held the policy only as collateral security, and they could not bind the plaintiffs by their assent, actual or implied.—90 N. Y. 280; 1 Wood Ins. 337; Coleb. Col. Security, § 87. (5.) Stoddard had a right to prove his ignorance of the attempted reduction; and what he said when first informed of it was admissible evidence, not only as a part of the *res gestæ*, but as tending to rebut any inference that might have been drawn from his silence.—*Burns v. Campbell*, 71 Ala. 291; *Henderson v. State*, 70 Ala. 23. (6.) The property was insured for its full value, with knowledge of the facts by the defendant, as if the insured had been the absolute owner; and the defendant can not be heard to say that a less interest was insured. 2 B. Monroe, 47; 50 Penn. St. 341; 35 N. Y. Law, 366; 45 N. Y. 606; 18 Md. 27, 47; Angell on Fire Insurance, 115; 16 Vroom, N. J. 546; 42 Iowa, 11; 4 Amer. Rep. 729; 4 Wait's A. & D. 75.

STONE, C. J.—Mrs. Stoddard, the female plaintiff in the court below, had a life-estate in the land, on which the gin-house stood, which was the subject of insurance in this case.

The land had been allotted to her as dower in the estate of Steele, her deceased former husband. It is not denied that the land had been so allotted to her, that the gin-house stood upon the land, and that it was destroyed by fire during the term covered by the insurance. To this extent there is no controversy.

The defense took four forms, First, it was and is contended, that Mrs. Stoddard, in her application for insurance, represented herself as sole and absolute owner of the gin-house, when in fact she owned but a life-estate in it. This, it is claimed, was a breach of warranty, which, under the provisions of the policy, worked a forfeiture of the insurance. In the second place it is contended, that in her said application it was represented that the said premises were not involved in litigation, whereas there was a suit then pending which disputed her right to the same.

The application for insurance was made through the husband of Mrs. Stoddard, and in said application are found the following questions and answers thereto: "Is there any interest in the property other than your own?" _Answer:_ "None other [than] my wife and self." "In litigation or dispute?" _Answer:_ "None."

In issuing the insurance policy, the insurance company was represented by Franklin, its agent. It is replied to the two lines of defense stated above, that while the negotiation for insurance was pending, and before the policy was issued, Franklin, the agent, was notified of the true state of the title, and of the litigation, which, it is asserted, was in progress, and, as is claimed, assailed Mrs. Stoddard's title to the property.

If it be true, as asserted, that Franklin, the agent, knew, or was notified, pending the negotiation, of the nature and extent of Mrs. Stoddard's ownership, and of the alleged litigation, this was constructive notice to the insurance company; and receiving the premium and issuing the policy after such notice, the insurance company will not be heard to complain of the false representation, or breach of warranty. To allow it to do so, would be to sanction bad faith on its part.—_P. & A. Life Ins. Co._ v. _Young_, 58 Ala. 476; _Phœnix Ins. Co._ v. _Copeland_, 86 Ala. 551; _Com. Fire Ins. Co._ v. _Allen_, 80 Ala. 571; Wood on Fire Ins. § 152, and note 1; _Ætna L. S. Fire Ins. Co._ v. _Olmstead_, 21 Mich. 246; s. c., 4 Amer. Rep, 483, and authorities on brief of counsel. We fail to perceive, however, that there was any suit in pro-

gress, which did or could question her ownership of the gin-house. The transcript from the Circuit Court, made a part of the bill of exceptions, certainly falls short of making this contention good. That was a possessory suit, and sought to recover only the dwelling-house. The testimony which it is claimed shows the title to the land on which the gin-house stood was in dispute, does not, in our opinion, tend to show the character of disputed title which would avoid the policy.

The third ground of defense rests on the alleged reduction of the amount of insurance on the gin-house. This defense is limited to the amount of recovery, and does not question the right.

Nine days after the policy was issued to Mr. and Mrs. Stoddard, they, "for value received," transferred, assigned and set over, unto H. C. Keeble & Co., all their right, title and interest in said policy of insurance, and all benefit and advantage to be derived therefrom. This was done with the knowledge and authority of the insurance company, evidenced by indorsement on the policy, made and signed by Franklin, the company's agent. And the policy was placed in the hands of Keeble & Co. Franklin knew Keeble & Co. held the policy.

On the 7th day of September, 1885—seventeen days after the transfer of the policy to Keeble & Co.—Franklin, the agent, called on them, and notified them that his company refused to carry so much insurance on the gin-house. He asked for the policy, and receiving it, he made the following indorsement upon it: "The amount of $800 covering gin-house is reduced from this date to $400, and $18.50 returned assured, receipt of which is acknowledged." Franklin then paid to Keeble & Co. the $18.50 return part-premium, and they received it.

The policy, on its face, provides, that "this insurance may be terminated at any time at the option of the company, on giving notice to that effect, and refunding a ratable proportion of the premium for the unexpired term of this policy, to any person named in this policy, whether owner, mortgagee, or otherwise." The policy contains no provision authorizing the insurance company to reduce the amount of insurance. Authority to terminate the insurance, is not an authority to reduce the amount of the risk. Such provision in favor of insurance companies can not be enlarged by interpretation.

There is neither proof nor claim that Stoddard and wife, or either of them, was present when this reduction was made,

nor that they had notice that it would be made. There is proof tending to show that notice was carried home to them within a month after the reduction, and other proof that they were not informed of it, until after the gin-house was destroyed by fire in December. The rulings of the trial court, as to the authority to make the reduction, and its legal effect on the rights of Stoddard and wife, are free from error prejudicial to appellant, unless there was error in the rulings considered further on.

The fourth and last defense relied on in this case is partial, and claims only a reduction in the amount of damages. The substance of it is, that inasmuch as Mrs. Stoddard had only a life-estate in the gin-house, she should not be allowed to recover the entire value, but only the value of her life-estate. The general rule certainly is, that the owner of a qualified, or partial interest in property, can only insure to the extent of that interest; and in case of loss or destruction of the property, his recovery must be limited to the value of his interest.—*Com. Fire Ins. Co. v. Capital City Ins. Co.,* 81 Ala. 320.

It will be borne in mind, that one of the indispensable conditions of plaintiffs' right of recovery in this case is, that the jury must be convinced from the testimony that Franklin, while he was negotiating the insurance, had knowledge or notice that Mrs. Stoddard's title was only a life-estate. If, having such knowledge or notice, he placed the insurance as upon an absolute title, and he demanded and received the amount of premium which would be due and demandable for insurance of the entire ownership of the property, both reason and authority demand that the loss shall be compensated, as if the assured had held a title in fee.—*Franklin M. & F. Ins. Co. v. Drake,* 2 B. Monroe, 47; *Merritt v. Farmers' Ins. Co.,* 42 Iowa, 11; 1 Wood on Ins. §303; *Strong v. Man. Ins. Co.,* 10 Pick. 40; Angell on Ins. § 66; *Mut. Fire Ins. Co. v. Deale,* 18 Md. 26; *Trade Ins. Co. v. Barracliff,* 45 N. J. Law, 543; 1 Phil. Ins. § 1044.

The court charged the jury, that if Franklin, while transacting the business of placing the insurance, acquired the information that the assured had only a life-estate in the property, and was informed of the claim and suit by McCall, "the plaintiff is entitled to recover." The two inquiries hypothesized in this charge would seem to have been the chief questions of dispute, bearing on this aspect of the case. There were other questions of fact, however, which depended

[Western Assurance Co. v. Stoddard.]

on parol testimony, on which the jury were required to pass in arriving at a verdict. This charge is subject to criticism; but we need not comment further upon it.

While Stoddard and the adjuster were trying to adjust the amount of the loss claimed by plaintiffs, it became necessary that they should examine the policy. When the adjuster discovered the reduction of the amount of the risk which Franklin had indorsed on the policy, it had the effect of breaking up the adjustment, and of preventing a settlement. It was clearly competent for Stoddard to testify on the trial, that before the occasion referred to, he had neither knowledge nor information that the reduction had been made. It bore materially on the inquiry, whether he had ratified Franklin's act in attempting to reduce the risk. It was not competent, however, to prove by him, or by any one else, as was permitted to be done in this case, what he said when, as he testified, he first learned the indorsement was on the policy. The permissible inquiry was, what had he previously known of such indorsement, not what he had previously said about a want of such knowledge. The only effect such testimony could have, was to corroborate the evidence of Stoddard, given on the trial, by proving that he had previously stated the same thing. The rule is, that previous statements made by a witness, can not be proved to corroborate the testimony he may give.—*Adams v. Thornton*, 82 Ala. 260; *McKelton v. State*, 86 Ala. 594. There is a limited exception to the rule, but the present case does not fall within the exception. The trial court erred in receiving this evidence.

The plaintiffs were allowed, against the objection of the defendant, to read in evidence a policy sued out the year before, insuring the identical gin-house, which is in controversy in the present suit. That former policy was sued out in the name of Stoddard and wife, and was obtained from Franklin as agent, but from a different insurance company, of which Franklin was, at the time, the agent. It was not shown that, when the former policy was obtained, Franklin was in any way connected with the insurance company, defendant in this suit, either as agent or otherwise. In connection with this testimony, it was testified by Stoddard that when he applied to Franklin for the first, or former policy, he referred the latter, Franklin, to Nelson, his attorney, for a statement of the condition and title of the property. Nelson was examined, and testified that he had an interview with Franklin, had answered his questions, but could not state

what information he had given him; had simply answered questions, and had not told him all he knew in reference to the property; did not remember he had told Franklin any thing about the title. We think the policy issued a year before, had no legal bearing on any question raised in the present suit, and that any influence it could have exerted was injurious to the defendant below, appellant here.

The appellant requested the general charge, that if the jury believed the evidence, they must find for the defendant. It is urged before us, that the trial court erred in refusing that charge, and the grounds taken in support of this contention are the following:

*First*, That the application for insurance is referred to in the policy, is made a part of the contract of insurance, and is made a warranty that its statements are true, with a stipulation, that, if untrue, the policy shall be void. It can not be denied that, as matter of evidence, the writings fully sustain this contention.

*Second*, That the application states that the entire ownership of the property insured—the title in fee—was in Stoddard and wife, when in fact there was only a life-estate, or dower right in Mrs. Stoddard in the gin-house, which was the chief subject of the insurance. We must also concede this to be, not only true, but undisputed. To this proposition it was replied by plaintiff, that before and at the time the policy was issued, the Insurance Company, through Franklin, its agent, was notified of the extent of the assured's title, and that with that knowledge he accepted the premium and issued the policy, as upon an absolute title in fee. As matter of law, we have seen that this replication is sufficient. There is no proof, however, that Franklin had such notice, and hence there was nothing on which to submit that inquiry to the jury. The burden of proving it was on the plaintiffs; and failing to prove it, there should be no recovery for the destruction of the gin-house, as the facts appear in the present record. This, because of the warranty as to title.

*Third*, On these premises it is contended, that because the insurance of the gin-house is avoided by reason of the breach of warranty, the entire insurance must be declared void, because all are embraced in one and the same application, and in one and the same policy. The authorities relied on in support of this proposition, will be found in the brief of counsel. We do not think they support the contention

[Western Assurance Co. v. Stoddard.]

as made.   The application and policy, although each of them in a single paper, nevertheless value and insure each article of property separately.   *Day v. Charter Oak F. & M. Ins. Co.*, 51 Maine, 91, does seem to support appellant's contention, but we can not follow it.   There are other authorities, which, at first glance, appear to favor the doctrine contended for.—*Friesmuth v. Agawam Mut. Fire Ins. Co.*, 10 Cush. 587; *Brown v. People's Mut. Ins. Co.*, 11 *Ib.* 280.   In the Massachusetts cases, however, the policies were issued by mutual insurance corporations; and it was a law of their organization, that property insured by them stood pledged for the liabilities of the assured.   A breach of warranty as to a part of the property lessened the security, and, for that reason, it was held the policies were thereby avoided.   We do not think these cases should be held as supporting the doctrine contended for in this case.

There is, however, another aspect of this question, which deserves consideration.   The articles of property, other than the gin-house, which were the subject of insurance, and which were destroyed by the fire, were more or less attached to the gin-house, were in the gin-house, and rightfully belonged there.   They stood to the gin-house as machinery does to the factory building, or as merchandise does to the store-house in which it is kept for sale.   A destruction of the gin-house would almost necessarily involve a destruction of these other insured articles.   Now, while we would be unwilling to annul the entire insurance, on the mere fact that several subjects, separately valued, are found embraced in one application and in one policy, on account of the breach of warranty as to one of the subjects; yet, in a case like the present, there is reason for the application of a different principle.   In *Smith v. Empire Ins. Co.*, 25 Barb. 497, the principle is correctly stated in the head-note, as follows:   "Where an insurance is upon furniture as well as buildings, and the policy is held to be void as to the buildings, by reason of false warranty as to incumbrances thereon, it will be deemed void as to the furniture also, although there be no incumbrance on such furniture."   We adopt this principle as applicable to cases like the present, whenever the policy is avoided as to the realty by reason of the false warranty, and the personal property is in the house or building in reference to which the false warranty was made. The reason of the rule is alike applicable to the property falsely warranted, and to all other property whose loss is the

natural consequence of the destruction of the former. *Lovejoy v. Augusta Mut. Fire Ins. Co.*, 45 Me. 472.

In the state of the proof found in this record, the general charge in favor of the defendant ought to have been given.

Reversed and remanded.